■ In the Matter of STUDENT PRESS, INC., Petitioner, v. NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent.— Proceeding under section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated September 15, 1972, which (1) reversed an order of the State Division of Human Rights, dated January 4, 1972, dismissing a complaint of Grace Cameron against Queens College of the City University of New York and others for lack of jurisdiction, and (2) remanded the matter to the division for further proceedings. Determination of the Appeal Board annulled, on the law, without costs, and order of the division reinstated. In our opinion, the Division of Human Rights did not have jurisdiction under subdivision 4 of section 296 of the Executive Law to entertain the complaint against the Queens College of the City University of New York. Moreover, assuming the division did have such jurisdiction, in the light of the determination in *Matter of Panarella* v. *Birenbaum* (37 A D 2d 987, affd. 32 N Y 2d 108), the complaint would be untenable on the constitutional grounds referred to in *Panarella* (*supra*). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of HAZEL ZIVKOVIC, Respondent, v. RADOMIR ZIVKOVIC, Appellant.— In a support proceeding against petitioner's husband pursuant to article 4 of the Family Court Act, the husband appeals from two orders of the Family Court, Queens County, one dated June 18, 1973, which denied his motion to vacate the summons and dismiss the petition for lack of in personam jurisdiction, and the other dated November 14, 1973, which directed appellant to pay support and counsel fees for petitioner. Orders affirmed, without costs. The Family Court acquired jurisdiction over appellant by virtue of the fact that after the proceeding was commenced by the filing of the petition pursuant to section 423 of the Family Court Act, a warrant of arrest was issued pursuant to section 428 (subd. [a], par. [v]) of that act on the basis of petitioner's testimony that appellant had threatened to kill her if she continued with the proceeding. The court had jurisdiction to hear and determine the case when appellant was brought before it pursuant to the warrant (Family Ct. Act, § 433). In view of the foregoing, we find it unnecessary to reach the question of the propriety of the purported service made pursuant to subdivision (c) of section 427 of the Family Court Act. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.