*791 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Consideration of two issues is dispositive of this appeal. In the first place we find no abuse of discretion or other error of law in the determination by the Appellate Division to vacate the default judgment at Supreme Court. We find no sufficient reason to reject the conclusions of the Appellate Division that there was such excusable default on the part of respondents and such merit to the contention that the State Division of Human Rights should not be precluded from further proceedings with respect to the complaint of Nancy Smith as to warrant opening the default in the interest of justice. It is immaterial that the basis for reversal of the disposition at Supreme Court was found by the Appellate Division to be the unavailability of the remedy sought rather than the entitlement of respondents to prevail on the merits, and that this basis was raised by the court on its own initiative rather than advanced by respondents.
In the second place, the default having been opened, we agree with the Appellate Division that the extraordinary remedy of prohibition does not indeed lie to interfere with proceedings before the State Division of Human Rights, at least in the circumstances presented in this record. While the employer claims that the division was precluded from proceeding further with respect to the complaint of Nancy Smith in consequence of its failure to observe the timetable prescribed by statute, such contention, if it be valid, is one of erroneous exercise of authority rather than of excess of jurisdiction, the prior use of the word "jurisdiction” in such a context to the contrary notwithstanding (Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371, 381). The division is given jurisdiction by statute to investigate complaints of discrimination. Remedy for asserted error of law in the exercise of that jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law. There is here tendered no predicate to warrant invocation of the "ancient and just” writ of prohibition (Matter of Board of Educ. v State Div. of Human Rights, 38 AD2d 245, affd 33 NY2d 946; cf. La Rocca v Lane, 37 NY2d 575).
*792 In view of our conclusion that the Appellate Division properly determined that prohibition does not lie, we do not reach or consider the contentions of the parties as to the effect to be given the failure of the division to adhere to the statutory timetable.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum.
Order affirmed.