■ In the Matter of the CITY OF WHITE PLAINS et al., Respondents, v WERNER H. KRAMARSKY, as Commissioner of the New York State Division of Human Rights, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the appellants from holding a hearing on the complaints of discrimination of 10 Black police officers of the City of White Plains Police Department, in which the appellants moved to dismiss the proceeding, the appeal is from a judgment of the Supreme Court, Westchester County, entered March 30, 1979, which, *inter alia,* denied the motion and granted the petition. Judgment reversed, on the law, without costs or disbursements, the motion is granted and the proceeding is dismissed on the merits. The court's grant of prohibition was erroneous. That remedy does not lie to interfere with proceedings before the State Division of Human Rights, where the basis of the petition is the failure of the division to comply with the time limitations of section 297 of the Executive Law (see *Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 62 AD2d 36, affd 47 NY2d 789). Suozzi, J. P., O'Connor, Martuscello and Mangano, JJ., concur.

■ In the Matter of GEORGE MULLER, JR., Respondent, v HAROLD FISHER, as Chairman of the Metropolitan Transit Authority of the City of New York, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review the determination terminating petitioner's employment, the appeal is from an order (entitled judgment) of the Supreme Court, Kings County, entered December 19, 1978, which granted the petition to the extent of ordering that an administrative hearing be conducted "into the causes for the termination of petitioner's employment". Permission for the taking of this appeal is hereby granted by Mr. Justice Shapiro. Order reversed, on the law, without costs or disbursements, and petition is dismissed on the merits. The petitioner bus driver had been involved in two prior accidents in the course of his duties, for each of which he received an "Official Caution". Promptly upon the occurrence of a third accident, he was suspended and shortly thereafter discharged from his employment. Subdivision (c) of rule 5.2.7 of the Rules and Regulations of the New York City Department of Personnel, which rules and regulations are applicable to transit authority employees, as provided for by section 1210 of the New York Public Authorities Law, reads in relevant part: "the agency head may terminate the employment of any probationer whose conduct and performance is not satisfactory after the completion of a minimum period of probationary service [two months] and before the completion of the maximum period of probationary service [one year]". Under the circumstances, the head of the transit authority was within his rights in terminating petitioner's employment when he determined that his performance was not satisfactory since petitioner had completed more than two months of his probationary service and one year had not yet elapsed. Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.