OPINION OF THE COURT
Howard A. Zeller, J.
Petitioner Board of Education of the Maine-Endwell Central School District seeks judgment pursuant to CPLR article 78 prohibiting respondent New York State Division of Human Rights from conducting a public hearing or proceeding in any way regarding the complaint of respondent Patricia Van Vleet *644 Nuding, and for judgment dismissing said complaint. Respondent Division of Human Rights cross-moves to dismiss the petition upon the ground the court lacks jurisdiction to entertain it.
On January 28, 1975 Ms. Nuding filed a complaint with the Division of Human Rights (the Division) charging the MaineEndwell Central School District (the School District) with discrimination because of her age and sex in relation to employment. On April 15, 1976, Ms. Nuding filed a second complaint, alleging the School District had not asked her to substitute teach, in retaliation for the earlier complaint. On July 20, 1979 the Division notifed the School District there was probable cause to believe the retaliation charge, and that a hearing would be held.
At the time the retaliation complaint was made, the Division had 15 days after the filing of the complaint to determine probable cause, and 60 days after such filing to give written notice of charges and a hearing; these periods were enlarged in 1977 to 180 and 270 days, respectively. (Executive Law, § 297, subd 2; subd 4, par a; see L 1977, ch 729.) The School District argues that the Division has exceeded the time periods of section 297 of the Executive Law, resulting in a diverstiture of jurisdiction and substantial prejudice to the District as a matter of law. There is no question that the notification here was late; the determination of probable cause and the notice of charges were not made until more than three years after the statutory period therefor had elapsed.
What is the effect of the Division’s failure to observe the time limits of section 297 of the Executive Law? The traditional rule is that in the absence of substantial prejudice to the party charged, the administrative agency’s delay will not foreclose relief to the innocent complainant. If the delay is egregious, however, substantial prejudice may be found as a matter of law. (See Matter of Liverpool Cent. School Dist. v State Div. of Human Rights, 46 AD2d 1004; State Div. of Human Rights v Board of Educ., 53 AD2d 1043, affd 42 NY2d 862.)
This rule apparently has been changed in Matter of Tessy Plastics Corp. v State Div. of Human Rights (62 AD2d 36, affd 47 NY2d 789). There the Court of Appeals affirmed a denial of a writ of prohibition after a seven-month delay in the Division’s determination of probable cause. The court did not discuss the issue of substantial prejudice, as the Appellate *645 Division had, and simply said (supra, p 791) "the extraordinary remedy of prohibition does not indeed lie to interfere with proceedings before the State Division of Human Rights, at least in the circumstances presented in this record * * * Remedy for asserted error of law in the exercise of that jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review”.
The Appellate Division, Second Department, recently cited Tessy as meaning that the remedy of prohibition "does not lie to interfere with proceedings before the State Division of Human Rights, where the basis of the petition is the failure of the division to comply with the time limitations of section 297 of the Executive Law”. (Matter of City of White Plains v Kramarsky 71 AD2d 639.) Apparently, a court may no longer prohibit proceedings before the Division no matter how long the delay or how substantial the prejudice. (The Appellate Division did not discuss the qualifications in the Court of Appeals language in Tessey).
The Division requests an award of costs and disbursements pursuant to CPLR 8201 and 8301, "in view of the * * * need to discourage the disruption of governmental processes.” A court procedure is part of governmental process, not a "disruption of governmental process.”
The cross motion of the Division is granted and the petition of the School District is dismissed.
No costs are awarded.