In the Matter of LARRY GAMBLE, Petitioner, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.

Third Department, December 6, 1979

APPEARANCES OF COUNSEL

*William R. Kutner* for petitioner.

*Edward L. Wilkinson (Richard T. Horigan* by *James C. Hayes* of counsel), for Adirondack Steel Casting Co., Inc., respondent.

## OPINION OF THE COURT

HERLIHY, J.

Petitioner applied for a position as a general plant laborer with respondent Adirondack Steel Casting Company (Adirondack) in April of 1975. Pursuant to its regular employment policy, Adirondack referred petitioner to Dr. Nicholas Teresi, a specialist in internal and industrial medicine, for a pre-employment physical examination. After examining petitioner, Dr. Teresi advised Adirondack to reject petitioner's application on the basis that petitioner had an enlarged heart which disqualified him for work as a general plant laborer due to a physical disability. Based on Dr. Teresi's recommendation, Adirondack did not hire petitioner.

On August 12, 1975, petitioner filed a verified complaint with the State Division of Human Rights charging Adirondack with an unlawful discriminatory practice in that they had denied him employment due to his disability. After the division found that it had jurisdiction over the complaint and that probable cause existed to believe that Adirondack had engaged in an unlawful discriminatory practice, public hearings

were held on May 25, 1976, on December 9, 1976 and on May 6, 1977. Although the hearing examiner had recommended that the complaint be dismissed, the division, on July 14, 1978, found that Adirondack had unlawfully discriminated against petitioner and ordered that he be hired with back pay from April 24, 1975. Adirondack appealed this decision to the State Human Rights Appeal Board, which reversed the division's order and dismissed the complaint on the basis that the division's finding of an unlawful discriminatory practice was not supported by substantial evidence and that the administrative delay constituted prejudice as a matter of law.

Petitioner raises two issues in this proceeding. First, he argues that the board's dismissal of the complaint based on administrative delay is improper without a showing of actual prejudice. Second, he contends that the commissioner's determination is based on substantial evidence and, therefore, that the appeal board improperly substituted its judgment for that of the commissioner.

■ As to the first issue, the recent case of *Matter of Sarkisian Bros. v State Div. of Human Rights* (48 NY2d 816) holds that the time limitations remain directory after amendment by chapter 729 of the Laws of 1977. The record discloses no substantial prejudice to the employer and, accordingly, the board erred.

■ As to the second issue with reference to whether the commissioner's determination was based on substantial evidence, we agree with the board and are to confirm. It should be noted at this juncture that the rules and regulations applicable to workers' compensation are not determinative as to the agency herein involved. The central and sole issue for its determination is whether or not there was substantial evidence of discrimination at the time of the failure to hire petitioner. We conclude that there is no evidence of bias on the part of the employer, that there was justification based upon the testimony of the doctor for the employer to refuse to hire the petitioner for the job in question, and that there was a rational basis for the employer's decision. That being so, there is no justification for the division producing doctors to testify to the contrary.

It is apparent from the case of *State Div. of Human Rights v Columbia Univ. in City of N. Y.* (39 NY2d 612, cert den *sub nom. Gilinsky v Columbia Univ.,* 429 US 1096) that whether or not a decision is supported by substantial evidence is a

question of law and the board can only be reversed if it erred as a matter of law in reaching its decision. (See, also, *State Office of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276.) In the *Columbia* case the board exceeded its power because it was weighing the evidence instead of limiting itself to the legal issue of the substantiality of the evidence.

Section 291 of the Executive Law, as pertinent, stated (L 1965, ch 851, § 1): "The opportunity to obtain employment without discrimination because of race, creed, sex, color or national origin is hereby recognized as and declared to be a civil right."

Section 292 of the Executive Law, as amended by section 1 of chapter 988 of the Laws of 1974 and as pertinent, stated: "The term 'disability' means a physical, mental or medical impairment resulting from anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to physical, mental or medical conditions which are unrelated to the ability to engage in the activities involved in the job or occupation which a person claiming protection of this article shall be seeking."

Section 297-a of the Executive Law provides, in part:

"7. The board may affirm, remand or reverse any order of the division or remand the matter to the division * * * provided however that the board shall limit its review to whether the order of the division is: * * *

"d. supported by substantial evidence on the whole record; or

"e. not arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

The present record reveals the division found that there was discrimination because the potential employer "did not establish that the actual findings as to Complainant by its physician, disqualified him as a disabled person." That finding was in turn premised upon the observation that "[t]here was no testimony as to the point at which an above-normal ratio became medically significant with respect to an individual to be employed in the position Complainant sought."

While it is apparent that the point of the division in its

decision was well taken, nevertheless, the medical experts did agree that "megalocardia would disqualify an individual for the work Complainant sought" in the words of the division's decision. Accordingly, the question of the precise ratio necessary to affect the complainant's work capacity is immaterial since the size of the heart was concededly apparently enlarged. The difference between the complainant's medical evidence and that on behalf of the employer was on the question of the existence of underlying cardiac pathology.

The hearing officer found: "The Human Rights Law does not require a prospective employer to exhaust all conceivable medical opinion when considering an applicant or to defer to the opinion of the applicant's doctor, if it is found, as here, that the employer acted reasonably and in good faith to secure informed medical opinion as to the physical ability of the applicant to perform the work in question safely and without undue hazard to co-employees or the successful operation of the enterprise; that no showing is otherwise made of discrimination against disabled persons as a class in the policies, practices and pattern of employment of the employer; or that the employer specifically purposed discrimination against the applicant, directly or by subterfuge, because of his disability."

Thereafter the commissioner found:

"Complainant's expert medical witness, Dr. Grace Wolff, a cardiologist, the Respondent's expert cardiologist, Dr. John Filippone, both testified that megalocardia would disqualify an individual for the work Complainant sought, because of the physical hazard such work could present to co-employees.
* * *

"Thus, Respondent Adirondack, which had the burden of proof of disability, did not establish that the actual findings as to Complainant by its physicians, disqualified him as a disabled person."

As demonstrated above, there is no claim of discrimination as to race, creed, *et cetera,* and from the record it affirmatively appears that the employer has a right to rely upon the medical opinion and expertise of his witnesses. To hold otherwise on this record would deprive the employer of making a fair judgment in the best interest of his business.

Under such circumstances, the board's determination sustaining the findings of the hearing examiner and that the decision before it was not supported by substantial evidence has a rational basis and is not error as a matter of law. (See

*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180-181.) In reaching this conclusion it must also be noted that at points in its decision the board is weighing the evidence, but the issue before this court goes to its finding of a lack of substantial evidence which is not demonstrably arbitrary and/or capricious. (See *Matter of State Div. of Human Rights v Averill Park Cent. School Dist.,* 59 AD2d 449, affd 46 NY2d 950.)

The determination should be confirmed, and the petition dismissed, with costs.

MAHONEY, P. J., GREENBLOTT, KANE and MAIN, JJ., concur.

Determination confirmed, and petition dismissed, with costs.