■ In the Matter of ROBERT A. SPICA, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding instituted in this court, pursuant to section 298 of the Executive Law, to review a determination of the State Human Rights Appeal Board, dated July 9, 1979, which annulled an order of the State Division of Human Rights holding that there was no probable cause to believe that respondent Central Hudson Gas & Electric Corporation engaged in unlawful discrimination based on petitioner's physical disability, and dismissed the petitioner's complaint. The petitioner filed a complaint against his employer with the State Division of Human Rights (division) on May 24, 1978. On June 11, 1979, the division rendered its decision finding no probable cause to believe there was discrimination and dismissed the complaint. The petitioner appealed to the Human Rights Appeal Board (board) on July 9, 1979 and the board, expressly noting that it was not reaching the merits, found: "It is beyond dispute that the Division exceeded the maximum time limit of *180 days* in the implementation of the above cited law [Executive Law, § 297 (subd 2)]. The failure of the Division to adhere to the above-cited mandatory time limit is in violation of

Section 297 and is fatal as it requires the statutory dismissal of the instant complaint." (Emphasis in original.) The time schedules specified in section 297 (subds 2, 4, pars a, c) of the Executive Law for the performance of certain acts on the part of the division are directory only *(Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; *Matter of Gamble v State Human Rights Appeal Bd.,* 71 AD2d 165). The board's reliance upon the case of *State Div. of Human Rights v Board of Educ.* (53 AD2d 1043, affd 42 NY2d 862) is misplaced. That case (p 1044) dealt with "the exercise of the equitable powers *of the judiciary* to divest the division of jurisdiction" (emphasis added). As in the *Gamble* case, we do not find any showing of substantial prejudice by the employer herein. Further, we do not find the delay egregious enough to warrant a *sua sponte* exercise of discretion which would procedurally grant the employer more protection than the petitioner *(Matter of Gamble v New York Human Rights Appeal Bd., supra).* Determination annulled, with costs, and matter remitted to the New York State Human Rights Appeal Board to consider the petitioner's appeal on the merits. Kane, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.