■ In the Matter of BOARD OF EDUCATION OF THE MAIN-ENDWELL CENTRAL SCHOOL DISTRICT, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 15, 1979 in Broome County, which denied petitioner's application in a proceeding pursuant to CPLR article 78, seeking to prohibit the State Division of Human Rights from

conducting any public hearing or proceeding in any way regarding the complaint of Patricia Van Vleet Nuding and granted respondents' cross motion to dismiss the petition pursuant to CPLR 7804 (subd [f]). On January 28, 1975, one of the respondents, Patricia Van Vleet Nuding, filed a complaint with the New York State Division of Human Rights claiming that the petitioner had discriminated against her in relation to employment because of her age and sex. On April 15, 1976, that respondent filed a second complaint charging that the petitioner had retaliated against her for the initial complaint by not asking her to substitute teach. On July 20, 1979, more than three years after the second complaint, the New York State Division of Human Rights notified the petitioner that there was probable cause to believe the retaliation charge and the matter was recommended for a public hearing. Shortly thereafter, the petitioner, without applying for review by the State Human Rights Appeal Board, brought this proceeding in the nature of prohibition pursuant to CPLR article 78. Prior to August 5, 1977, subdivision 2 of section 297 of the Executive Law provided that the State Division of Human Rights had 15 days after the filing of a complaint within which to determine whether it had jurisdiction, and section 297 (subd 4, par a) required that a public hearing be held within 60 days after such filing. Section 297 was amended, effective August 5, 1977, and extended the period set forth in subdivision 2 from 15 days to 180 days and the period set forth in paragraph a of subdivision 4 from 60 days to 270 days (L 1977, ch 729, § 2). The petitioner contends that the State Division of Human Rights failed to act within the statutory period and as a result thereof the petitioner has been substantially prejudiced, as a matter of law, and the State Division of Human Rights has been divested of jurisdiction. The time schedules set forth in section 297 (subds 2, 4, par a) of the Executive Law are directory only (*Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; *Matter of Gamble v State Human Rights Appeal Bd.,* 71 AD2d 165). In *Matter of Tessy Plastics Corp. v State Div. of Human Rights* (47 NY2d 789), the Court of Appeals held that the continuation of proceedings before the Division of Human Rights after its failure to observe the timetable prescribed by the statute constitutes at most an erroneous exercise of authority, rather than an excess of jurisdiction, and that prohibition did not lie to preclude the division from continuing its proceedings. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur. [99 Misc 2d 643.]