■ In the Matter of the Town of North Greenbush, Respondent, v New York State Division of Human Rights, Appellant, and Peter J. Mahan, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered February 4, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent New York State Division of Human Rights from holding a hearing or otherwise proceeding against petitioner. The petition alleges that the respondent division lost jurisdiction because 910 days had elapsed from the filing of the complaint herein to the scheduling of the hearing, and that during that interim the police department of the petitioner had undergone extensive changes of personnel and had converted its part-time officers to full-time duty officers. Based on these allegations, Special Term held that substantial prejudice had been shown as a direct result of respondent's failure to comply with the time requirements of section 297 of the Human Rights Law, thereby ousting respondent of jurisdiction. We disagree. The drastic remedy of prohibition does not lie to interfere with proceedings before the State Division of Human Rights where the basis of the petition is the failure of the division to comply with the time limitations of section 297 of the Executive Law *(Matter of City of White Plains v Kramarsky,* 71 AD2d 639). The "[r]emedy for asserted error of law in the exercise of [the division's] jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law" *(Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 47 NY2d 789, 791; see, also, *Matter of Board of Educ. v New York State Div. of Human Rights,* 99 Misc 2d 643). In the circumstances presented in this record, where no administrative hearing has in fact been held, there exists only a bare claim of substantial delay which is insufficient to demonstrate substantial prejudice in order to invoke the ancient and just writ of prohibition *(Matter of Tessy Plastics Corp. v State Div. of Human Rights, supra).* Accordingly, the judgment of Special Term must be reversed and the petition dismissed. Judgment reversed, on the law, with costs, and petition dismissed. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.

■ Cloin G. Robertson, Respondent, v Roger Goodhue, Appellant. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered July 15, 1980 in Schenectady County, which, *inter alia,* denied defendant's motion to strike the note of issue. Order affirmed, with costs, on the opinion of Mr. Justice Carrol S. Walsh, Jr., at Special Term. Sweeney, J. P., Main, Mikoll, Weiss and Herlihy, JJ., concur.