■ ANKER MANAGEMENT CORP., Respondent, v STATE OF NEW YORK, DIVISION OF HUMAN RIGHTS, Appellant. [627 NYS2d 73] —In an action, *inter alia,* to permanently enjoin the defendant State of New York, Division of Human Rights from investigating and adjudicating administrative complaint No. 9K-E-D-92-2400223 filed against the plaintiff pursuant to Executive Law §§ 296, 297, the defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered

October 7, 1993, which granted the plaintiff's motion, in effect, to preliminarily enjoin the administrative proceedings pending determination of the action.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to preliminarily enjoin the administrative proceeding is denied, and the complaint is dismissed.

An employee of Anker Management Corp. (hereinafter Anker), filed an administrative complaint with the State of New York, Division of Human Rights (hereinafter SDHR), alleging that Anker terminated his employment after he informed it that he was HIV-infected and would be hospitalized for a period of time. The employee charged that his dismissal constituted an unlawful discriminatory practice by Anker in violation of the New York State Human Rights Law. The SDHR issued a determination in which it found that there was probable cause that Anker engaged in unlawful discrimination against the employee, and set the matter down for a public hearing.

Anker then commenced the instant action seeking, *inter alia,* to permanently enjoin the SDHR from investigating and adjudicating the employee's administrative complaint, and moved to preliminarily enjoin the administrative proceedings before the SDHR. Specifically, Anker alleged, both in its complaint and in its moving papers, that the employee had participated in an arbitration proceeding and by virtue of a consent arbitration award had waived his right to pursue any further remedy regarding "the subject of [the] arbitration before any other agency or tribunal".

The Supreme Court granted Anker's motion to enjoin the administrative proceedings.

We disagree with the Supreme Court's determination.

The action commenced by Anker is essentially one to prohibit the SDHR from investigating and adjudicating the employee's administrative complaint filed pursuant to Executive Law § 297. "Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction * * * and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" *(Matter of Schumer v Holtzman,* 60 NY2d 46, 51).

It is unquestioned that SDHR maintains jurisdiction to investigate and pass upon claims of discrimination, including the claim raised by the employee herein *(see,* Executive Law

§ 295 [6] [a]; *see also, Matter of Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783). In any event, Anker has failed to establish a "clear legal right" to the relief it seeks. Its argument concerning the effect of the arbitration award, i.e, an alleged error of law, "lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law" *(Matter of Tessy Plastics Corp. v State Div. of Human Rights,* 47 NY2d 789, 791; *see also, Matter of Town of Huntington v New York State Div. of Human Rights, supra,* at 786; *Randy— The Salon v New York State Div. of Human Rights,* 201 AD2d 901). Accordingly, Anker's motion to preliminarily enjoin the administrative proceedings is denied, and its complaint is dismissed. Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.