■ In the Matter of PAT'S CARPET OUTLET, INC., et al., Respondents, v STATE OF NEW YORK EXECUTIVE DEPARTMENT, DIVISION OF HUMAN RIGHTS, on Complaint of MARIANN CABALLERO, Appellant. [663 NYS2d 885] —In a proceeding pursuant to CPLR article 78, *inter alia*, to prohibit the New York State Division of Human Rights s/h/a the State of New York Executive Department, Division of Human Rights, from prosecuting a complaint by Mariann Caballero against the petitioner, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), dated September 17, 1996, which, upon granting the petitioner's motion for judgment in its favor, granted the petition and dismissed the complaint.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petitioner's motion for judgment in its favor is denied, and the proceeding is dismissed on the merits.

The petitioner commenced this proceeding pursuant to CPLR article 78 to prohibit the New York State Division of Human Rights s/h/a the State of New York Executive Department, Division of Human Rights (hereinafter the SDHR) from prosecuting a complaint of employment discrimination filed on behalf of a former employee of the petitioner. The petitioner argued that due to the delay by the SDHR in prosecuting the complaint and the death of the former owner of the petitioner while the complaint was pending, the petitioner's ability to defend itself against the charges asserted in the complaint was severely curtailed and the petitioner suffered substantial prejudice thereby. The Supreme Court agreed and found that the petitioner's "allegations are sufficient to state a claim for prohibition". The court also directed the SDHR to answer the peti-

tion within five days. Thereafter, the petitioner moved for summary judgment, and the court granted the motion and dismissed the complaint based upon its prior determination. We now reverse.

The extraordinary writ of prohibition may be maintained solely to prevent a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without, or in excess of, its jurisdiction (*see, Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786). The writ is generally not available to correct common procedural or substantive errors, and will not lie where its proponent has access to another adequate legal remedy unless, in the rare instance, it would furnish a more complete and efficacious remedy. It has been held that administrative delay is one of erroneous exercise of authority rather than of excess of jurisdiction, and that the extraordinary writ of prohibition does not lie to interfere with proceedings before the appellant as a result of such delay (*see, Matter of Tessy Plastics Corp. v State Div. of Human Rights*, 47 NY2d 789, 791).

In addition, the Court of Appeals held in *Matter of Cortlandt Nursing Home v Axelrod* (66 NY2d 169, 180), that "absent extraordinary circumstances, a court may not intervene in an administrative proceeding for reason of adjudicatory delay, until a hearing has been held and an official order rendered". The Court stated that it was within the province of the agency, in the first instance, to determine, upon a plenary hearing, the cause of the delay, the interests implicated in the proceeding, and whether substantial prejudice has resulted from the administrative delay, because judicial intervention prior to the rendition of a final administrative order was contraindicated by considerations of separations of powers and ripeness.

Here, the writ was not proper to divest the appellant of jurisdiction based on prejudicial delay (*see, Matter of Tessy Plastics Corp. v State Div. of Human Rights, supra*). Second, the fact that there has been a delay in processing the complaint does not mean, as a matter of law, that the petitioner has suffered substantial prejudice. One reason for the delay was the transfer of the matter from the Suffolk County Human Rights Commission to the SDHR in 1992, which was the result of administrative restructuring. The determination as to whether the petitioner suffered substantial prejudice by the delay and the death of Patrick Esposito should have been made by the SDHR after a hearing (*see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 180, *supra*). Once there is a final determination, appropriate appellate review is available

(*see, e.g., Matter of Pepsico, Inc. v Rosa*, 213 AD2d 550; Executive Law § 298). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.