■ In the Matter of DIOCESE OF ROCHESTER, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [758 NYS2d 573] —Appeal from a judgment (denominated order) of Supreme Court, Monroe County (Bergin, J.), entered February 20, 2002, which denied the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, the Diocese of Rochester (Diocese), commenced this CPLR article 78 proceeding seeking to enjoin respondent, the New York State Division of Human Rights (SDHR), from asserting jurisdiction over the discrimination complaint of a lay minister (complainant) against the Diocese. SDHR had initially dismissed the complaint, determining that it lacked jurisdiction "over the employment of ministerial employees, including lay ministers, by religious institutions and churches." The complainant sought judicial review of that determination by filing a petition in Supreme Court pursuant to Executive Law § 298.

The complainant filed a "Notice of Withdrawal of Petition" in response to notification from SDHR that it had acted in error in dismissing the original complaint against the Diocese and would reinstate it. SDHR thereafter issued a "Reopening Order" vacating its initial dismissal of the complaint. The Diocese then commenced this CPLR article 78 proceeding seeking a writ of prohibition, alleging that SDHR lacked jurisdiction to reopen the complaint and also lacked jurisdiction to investigate

the employment decisions of a religious institution. We conclude that Supreme Court properly denied the CPLR article 78 petition.

Because the complainant and SDHR substantially complied with CPLR 3217 (a) (2), we conclude that the complainant's petition was effectively withdrawn and that there was no appeal pending when SDHR reopened the complainant's case pursuant to Executive Law § 298 and 9 NYCRR 465.20. Because SDHR had jurisdiction to reopen the case, "[t]he extraordinary writ of prohibition does not lie to challenge the SDHR's * * * acceptance of jurisdiction over a complaint of discrimination" (*Randy-The Salon v New York State Div. of Human Rights*, 201 AD2d 901, 901 [1994]; *see Anker Mgt. Corp. v State of New York, Div. of Human Rights*, 215 AD2d 706, 707-708 [1995]). "[A]ny error of law in the exercise of that jurisdiction must first be challenged by administrative review before judicial review pursuant to section 298 of the Executive Law is available" (*Randy-The Salon*, 201 AD2d at 901), and the Diocese "will suffer no irreparable harm * * * by waiting to challenge [SDHR's] findings, if necessary" (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.