In the Matter of WAL-MART STORES, INC., et al., Respondents, v STATE OF NEW YORK, EXECUTIVE DEPARTMENT, DIVISION OF HUMAN RIGHTS, Appellant. [837 NYS2d 470]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered March 7, 2006. The judgment granted the petition for a writ of prohibition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent commenced an investigation after receiving complaints alleging that petitioners had discriminated against three employees by discharging them because they had been convicted of crimes. Petitioners commenced this proceeding for a writ of prohibition, seeking to prohibit respondent from taking further action on the complaints on the ground that the investigation was in excess of respondent's jurisdiction. Supreme Court erred in granting the petition. Respondent "has jurisdiction to investigate complaints of discrimination and any error of law in the exercise of that jurisdiction must first be

challenged by administrative review before judicial review pursuant to section 298 of the Executive Law is available . . . The extraordinary writ of prohibition does not lie to challenge [respondent's] initial acceptance of jurisdiction over a complaint of discrimination" (*Randy—The Salon v New York State Div. of Human Rights*, 201 AD2d 901, 901 [1994]; *see Matter of Tessy Plastics Corp. v State Div. of Human Rights*, 47 NY2d 789 [1979]). In any event, "even where the writ may be technically appropriate, the court must consider other factors such as the gravity of the potential harm caused by the threatened excess of power or whether other proceedings in law or equity could correct the flaw" (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]). Here, petitioners " 'will suffer no irreparable harm . . . by waiting to challenge [respondent's] findings, if necessary,' " following the conclusion of the administrative proceedings (*Matter of Diocese of Rochester v New York State Div. of Human Rights*, 305 AD2d 1000, 1001 [2003], quoting *Town of Huntington*, 82 NY2d at 786). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.