■ In the Matter of EAST MEADOW UNION FREE SCHOOL DISTRICT, Petitioner/Cross Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent/Cross Petitioner. [886 NYS2d 211]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated March 10, 2008, which confirmed the recommendation of an administrative law judge, made after a hearing, and found that the petitioner engaged in an unlawful discriminatory practice on the basis of disability insofar as the petitioner prevented the use of guide, hearing, and service dogs in a public school by students with disabilities, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the petition is granted and the cross petition is denied, without costs or disbursements, the determination is annulled, and the administrative complaint is dismissed.

In this proceeding pursuant to Executive Law § 298, the petitioner, East Meadow Union Free School District (hereinafter the School District), challenges the determination of the New York State Division of Human Rights (hereinafter the SDHR) that the School District has a policy of discriminating against

students on the basis of disability insofar as the School District prevented the use of guide, hearing, and service dogs in school, in violation of Executive Law (Human Rights Law) § 296 (14). We agree with the School District that the statutory provision upon which the SDHR's finding is based does not apply to it. We, therefore, grant the petition, deny the SDHR's cross petition, and vacate the SDHR's determination, without reaching the issue of whether the School District had a discriminatory policy.

Executive Law § 296 (14) prohibits discrimination "against a . . . hearing impaired person . . . on the basis of his or her use of a . . . hearing dog or service dog." The prohibition applies to "any person engaged in any activity covered by" Executive Law § 296. The SDHR predicates the School District's obligation to comply with Executive Law § 296 (14) on the language of section 296 (4), which prohibits various forms of discrimination by *"an education corporation or association* which holds itself out to the public to be non-sectarian and exempt from taxation pursuant to the provisions of article four of the real property tax law" (emphasis supplied).

The terms "education corporation" and "education association" are not defined by the Executive Law. The General Construction Law, which establishes the meaning of terms not otherwise defined by statute (*see* General Construction Law § 110), does not define the term "education association." A corporation and an association, however, are different things (*see Martin v Curran,* 303 NY 276, 280 [1951]; *Matter of Graves,* 171 NY 40, 47 [1902]). Since a School District is a corporation (*see* General Construction Law § 66 [2]), it is not an association.

Although the General Construction Law does define both "education corporation" and "school district," it establishes that they are mutually exclusive. Pursuant to General Construction Law § 65 (a), a corporation is either a public corporation, a corporation formed other than for profit, or a corporation formed for profit (*see* General Construction Law § 65 [a] [1]); it cannot be more than one of these. An "education corporation" is a type of corporation formed other than for profit (General Construction Law § 65 [c]). A "school district," by contrast, is a type of "municipal corporation" (General Construction Law § 66 [2]). Since a "municipal corporation" is a public corporation (General Construction Law § 66 [1]), a school district is a public corporation. Hence, a school district cannot be an "education corporation" *within the meaning of Human Rights Law § 296 (4).*

We adopted this logic, without discussion, in *Matter of Student*

*Press v New York State Human Rights Appeal Bd.* (44 AD2d 558 [1974]), in which we held that Queens College of the City University of New York was not subject to the jurisdiction of the SDHR under Executive Law § 296. *State Div. of Human Rights v Board of Coop. Educ. Servs.* (98 AD2d 958 [1983]) is not to the contrary. The board of cooperative educational services at issue there was created pursuant to Education Law former § 1950 (*id.* at 958) and, thus, was subject to Executive Law § 296 (4).

Since the School District thus is not an "education corporation or association" within the meaning of Executive Law § 296 (4), the petition must be granted, the cross petition must be denied, and the determination of the SDHR must be annulled. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.