■ In the Matter of Newfield Central School District, Respondent, v New York State Division of Human Rights, Appellant. [888 NYS2d 244]—

Kavanagh, J. Appeal from a judgment of the Supreme Court

(Mulvey, J.), entered July 24, 2008 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondent from investigating discrimination complaints against petitioner.

Respondent, the State Division of Human Rights (hereinafter SDHR), received separate complaints from the parents of two male students that attend school within petitioner, the Newfield Central School District, to the effect that their sons had been the victims of gender discrimination in the way the School District had disciplined them for their involvement in an altercation that had taken place on a school bus.[1] SDHR undertook an investigation of each complaint and requested certain information from the School District. When the School District refused to cooperate and challenged SDHR's authority to undertake such an inquiry, SDHR proceeded with its investigations and conducted administrative proceedings in the School District's absence. Ultimately, SDHR issued an initial determination on each complaint that it had jurisdiction to conduct the investigations and that probable cause existed to believe that an unlawful discriminatory practice had occurred in violation of the Human Rights Law (*see* Executive Law § 297 [2] [a]). In response, the School District commenced this CPLR article 78 proceeding alleging that SDHR did not have jurisdiction to investigate claims against it pursuant to Executive Law § 296 (4) because a public school district is not an "education corporation or association" as contemplated by that statute, and sought a writ of prohibition preventing SDHR from proceeding with hearings on either of the complaints. Supreme Court ultimately concluded that SDHR had no jurisdiction to hear discrimination claims involving conduct that occurred within the School District and granted the petition. SDHR appeals.

We reverse. "The extraordinary writ of prohibition may be maintained solely to prevent a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without, or in excess of, its jurisdiction" (*Matter of Pat's Carpet Outlet v State of N.Y. Exec. Dept., Div. of Human Rights*, 244 AD2d 338, 339 [1997] [citation omitted]), and is not available where other adequate legal remedies are available (*see Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]; *Randy—The Salon v New York State Div. of Human Rights*, 201 AD2d 901, 901 [1994]). The Court of Appeals has held that a writ of prohibition is not an appropriate vehicle to be used to bar SDHR from conducting an investigation because the "[r]emedy for asserted error of law

---

1. The boys were alleged to have harassed and assaulted a bus driver.

in the exercise of [SDHR's] jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law" (*Matter of Tessy Plastics Corp. v State Div. of Human Rights*, 47 NY2d 789, 791 [1979]; *see Matter of Ken Edrich Leather Accessories v New York State Div. of Human Rights*, 269 AD2d 334, 335 [2000]). Moreover, a challenge to a nonfinal order of SDHR is not available unless there is a showing of "futility of the administrative remedy; irreparable harm in the absence of prompt judicial intervention; or a claim of unconstitutional action" (*Matter of Bettina Equities Co. LLC v State of N.Y. Exec. Dept., State Div. of Human Rights*, 9 AD3d 296, 296 [2004]).

Here, the School District has not exhausted its administrative remedies in that the hearing process has not been completed (*see* 9 NYCRR 465.17; *Matter of Ken Edrich Leather Accessories v New York State Div. of Human Rights*, 269 AD2d at 335). In the context of that administrative proceeding, the School District can assert its challenge to the applicability of Executive Law § 296 (4) to public school districts and, at the same time, mount a defense to the charges of discrimination against it. Once a final determination has been issued, the School District, if necessary, has the opportunity to raise these issues in a challenge to SDHR's final determination (*see* Executive Law § 298; *Matter of Tessy Plastics Corp. v State Div. of Human Rights*, 47 NY2d at 791). In addition, it is by no means certain at this point in these proceedings that SDHR will not find for the School District as to the charges of discrimination levied against it or that requiring a complete exhaustion of its administrative remedies before SDHR would be a futile exercise.[2] Moreover, the School District has not shown that it will suffer irreparable harm by proceeding with the hearings prior to a judicial determination as to SDHR's jurisdiction to investigate and adjudicate these complaints (*see Matter of Diocese of Rochester v New York*

---

2. To this extent, we note that since SDHR made its initial determination that it had jurisdiction to hear these two complaints, the Second Department issued a decision in which it concluded that Executive Law § 296 (4) did not apply to public school districts (*see Matter of East Meadow Union Free School Dist. v New York State Div. of Human Rights*, 65 AD3d 1342 [2009]). It is unclear whether, as a result of that decision, SDHR will take a different position on this issue in the context of the instant proceeding, which further supports the conclusion that the need for the School District to exhaust its administrative remedies is not futile. We note that it is significant that the petitioner in *Matter of East Meadow Union Free School Dist.* did not seek to appeal from an interlocutory decision of SDHR—as is the case herein—but rather commenced an Executive Law § 298 proceeding challenging a final determination of SDHR (*id.*).

*State Div. of Human Rights*, 305 AD2d 1000, 1001 [2003]). Therefore, we find no reason to depart with the traditional rules that require a petitioner to exhaust all available administrative remedies before mounting a challenge to a final order from which it is aggrieved.

Nor do we agree with the School District that hearings on these complaints, if fairly conducted, would necessarily require the disclosure of student records in violation of the Family Educational Rights and Privacy Act (*see* 20 USC § 1232g [a] [4] [A] [hereinafter FERPA]). FERPA prohibits public school districts from releasing or disclosing records of students unless written consent is obtained from an appropriate parent or guardian, or a judicial order is issued mandating their disclosure (*see* 20 USC § 1232g [b] [2] [A], [B]). Given that it is entirely unclear from the present state of the record that a hearing on these complaints would require such disclosure, or that a statutory exception to the bar contained in FERPA might otherwise apply, a decision on this issue is not, at this time, ripe for review (*see* 20 USC § 1232g [b] [1] [J] [ii]; [2]; *Matter of Hampton Bays Union Free School Dist. v Public Empl. Relations Bd.*, 62 AD3d 1066, 1069 [2009]).

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.