# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**427**
**CA 10-02171**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF NORTH SYRACUSE CENTRAL SCHOOL
DISTRICT, PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS,
RESPONDENT-APPELLANT.

---

CAROLINE J. DOWNEY, BRONX (MICHAEL K. SWIRSKY OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LAW OFFICES OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF
COUNSEL), FOR PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a resettled judgment (denominated order) of the
Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered June
15, 2010 in a proceeding pursuant to CPLR article 78.  The resettled
judgment prohibited respondent from taking further action on the
complaint in New York State Division of Human Rights case no.
10125491.

It is hereby ORDERED that the resettled judgment so appealed from
is unanimously reversed on the law without costs and the petition is
dismissed.

Memorandum:  In this CPLR article 78 proceeding, respondent
appeals from a resettled judgment prohibiting it from taking further
action on a racial and disability discrimination complaint filed by
the mother of one of petitioner's students.  We agree with respondent
that Supreme Court erred in granting the petition.  We note at the
outset that, although respondent appealed only from the original
judgment, we may nevertheless review the resettled judgment in the
absence of a new notice of appeal inasmuch as the resettled judgment
"simply clarif[ies] the original . . . judgment for the purpose of
correctly expressing the decision of" the court (*Elda Dev. Corp. v
Wall*, 101 AD2d 1000, 1001).

With respect to the merits of the appeal, "[t]he Court of Appeals
has held that a writ of prohibition is not an appropriate vehicle to
be used to bar [respondent] from conducting an investigation because
the '[r]emedy for asserted error of law in the exercise of
[respondent's] jurisdiction or authority lies first in administrative
review' " (*Matter of Newfield Cent. School Dist. v New York State Div.
of Human Rights*, 66 AD3d 1314, 1315-1316, quoting *Matter of Tessy*

*Plastics Corp. v State Div. of Human Rights*, 47 NY2d 789, 791). Thus, respondent " 'has jurisdiction to investigate complaints of discrimination and any error of law in the exercise of that jurisdiction must first be challenged by administrative review before judicial review pursuant to section 298 of the Executive Law is available . . . The extraordinary writ of prohibition does not lie to challenge [respondent's] initial acceptance of jurisdiction over a complaint of discrimination' " (*Matter of Wal-Mart Stores, Inc. v State of N.Y., Exec. Dept., Div. of Human Rights*, 41 AD3d 1276, 1276-1277, *lv denied* 9 NY3d 819; *see Matter of Diocese of Rochester v New York State Div. of Human Rights*, 305 AD2d 1000, 1001; *Randy-The Salon v New York State Div. of Human Rights*, 201 AD2d 901). Consequently, inasmuch as petitioner failed to establish " 'futility of the administrative remedy; irreparable harm in the absence of prompt judicial intervention; or a claim of unconstitutional action' " (*Newfield Cent. School Dist.*, 66 AD3d at 1316), the court erred in prohibiting respondent from taking further action on the complaint.

Entered: April 1, 2011                                    Patricia L. Morgan
                                                         Clerk of the Court