■ In the Matter of UNION ENDICOTT CENTRAL SCHOOL DISTRICT, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [927 NYS2d 169]—

Stein, J. Appeal from a judgment of the Supreme Court (Lebous, J.), entered July 26, 2010 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, prohibit respondent State Division of Human Rights from investigating discrimination complaints against petitioner.

In June 2009, respondent Sylvia Malvasio filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) on behalf of her daughter. The complaint alleged that, while enrolled as a student at a high school operated by petitioner, Malvasio's daughter was subjected to discrimination based upon her race and gender and that school administrators took no preventative or corrective action. In its written opposition to the complaint, petitioner denied the accusations and asserted that SDHR lacked jurisdiction to pursue the matter. SDHR, believing that it did have jurisdiction, attempted to commence an investigation. Consequently, petitioner commenced

the instant proceeding pursuant to CPLR article 78 seeking, among other things, to prohibit SDHR from proceeding any further in the investigation or prosecution of Malvasio's claim, on the basis that petitioner is not an "education corporation or association" as that term is used in Executive Law § 296 (4). Supreme Court dismissed the petition, concluding that petitioner had failed to exhaust its administrative remedies and, accordingly, that it was barred from seeking relief by means of a writ of prohibition. Petitioner now appeals and we affirm.

We have previously held that "a writ of prohibition is not an appropriate vehicle to be used to bar SDHR from conducting an investigation because the '[r]emedy for asserted error of law in the exercise of [SDHR's] jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to [Executive Law § 298]' " (*Matter of Newfield Cent. School Dist. v New York State Div. of Human Rights*, 66 AD3d 1314, 1315-1316 [2009], quoting *Matter of Tessy Plastics Corp. v State Div. of Human Rights*, 47 NY2d 789, 791 [1979]; compare *Matter of Ithaca City School Dist. v New York State Div. of Human Rights*, — AD3d —, 2011 NY Slip Op 05597 [2011] [decided herewith]).

In any event, in view of our decision in *Matter of Ithaca City School Dist. v New York State Div. of Human Rights* (*supra*), wherein we uphold SDHR's jurisdiction over public school districts such as petitioner pursuant to the Human Rights Law (*see* Executive Law § 290 *et seq.*), petitioner's claims here as to that issue are without merit.

Petitioner's remaining contentions have been considered and are unpersuasive.

Mercure, J.P., Malone Jr. and Egan Jr., JJ., concur.

Rose, J. (concurring). Despite my dissent in *Matter of Ithaca City School Dist. v New York State Div. of Human Rights* (— AD3d —, 2011 NY Slip Op 05597 [2011] [decided herewith]), I am constrained by the majority's holding in that decision to concur in the result here.

Ordered that the judgment is affirmed, without costs. [**Prior Case History: 28 Misc 3d 1229(A), 2010 NY Slip Op 51535(U).**]