# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

998
CA 11-00470
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF ST. MATTHEW LUTHERAN CHURCH,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS,
RESPONDENT-APPELLANT.

---

CAROLINE J. DOWNEY, BRONX (MICHAEL K. SWIRSKY OF COUNSEL), FOR
RESPONDENT-APPELLANT.

CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 17, 2010 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: In this CPLR article 78 proceeding, respondent appeals from a judgment granting the petition seeking to prohibit it from taking further action on a discrimination complaint filed by the former principal of the school operated by petitioner. We agree with respondent that Supreme Court erred in granting the petition. It is well established that "the extraordinary remedy of prohibition does not . . . lie to interfere with proceedings before [respondent]," inasmuch as the "[r]emedy for asserted error of law in the exercise of [respondent's] jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law" (*Matter of Tessy Plastics Corp. v State Div. of Human Rights*, 47 NY2d 789, 791; *see Matter of Newfield Cent. School Dist. v New York State Div. of Human Rights*, 66 AD3d 1314, 1315-1316). Further, "a challenge to a nonfinal order of [respondent] is not available unless there is a showing of 'futility of the administrative remedy[,] irreparable harm in the absence of prompt judicial intervention[] or a claim of unconstitutional action' " (*Newfield Cent. School Dist.*, 66 AD3d at

1316), and that is not the case here (*see Matter of Diocese of Rochester v New York State Div. of Human Rights*, 305 AD2d 1000).