■    JIMMY ALEXATOS, Respondent, v JACOB RAK, Appellant, and STEWART GROSS et al., Respondents. (Action No. 1.) STEPHEN GROSS, Respondent, v JACOB RAK, Appellant, and STEVEN PFEFER, Respondent. (Action No. 2.) JANE BLOOM, an Infant by SYLVIA BLOOM, Her Mother and Natural Guardian, Respondent, v JACOB RAK, Appellant, and STEWART GROSS et al., Respondents. (Action No. 3.)—Appeal from an order of the Supreme Court at Special Term, entered November 11, 1976 in Sullivan County, which conditionally granted a motion for removal of Action No. 3 from Supreme Court, Kings County, to Supreme Court, Sullivan County, and for joint trial of that action with Action Nos. 1 and 2. The motion for removal and joinder was made by the defendant Rak in all three actions. Special Term noted that Action Nos. 1 and 2 had been commenced a year before Action No. 3, and that they were on the Trial Calendar and ready for immediate trial, whereas in Action No. 3 pretrial proceedings had not been noticed; that the plaintiffs in all three actions opposed the motion because of the prejudice to them which would result from removal and joinder. Special Term also noted that an unconditional order granting the relief requested would result in substantial delay and would prejudice substantial rights of the parties in the actions in which trial is imminent. It then granted the motion on condition that all preliminary proceedings in Action No. 3 be completed or waived by December 31, 1976 (less than two months after the date of the order), and provided that otherwise the motion was denied. We frown on this type of conditional order which effectively placed the attorneys for the plaintiff in Action No. 3, who had opposed the motion, in command of the situation. In fact, on November 18, 1976, 10 days after the date of the order, they advised the attorney for the moving defendant that preliminary proceedings in Action No. 3 would not be completed nor waived by December 31, 1976. While it is true that lengthy delay resulting from removal and joinder would prejudice substantial rights of the parties in the actions in which trial is imminent, it is also true that the advantages of consolidation or joint trial can also be obtained by expedition of the lagging case (2 Weinstein-Korn-Miller, NY Civ Prac, § 602.11). Certainly, the ends of justice will be served and a multiplicity of trials will be avoided if a joint trial is had of these three actions. We note that under the terms of an order dated January 26, 1977, among other things, the plaintiff in Action No. 3 was directed to diligently conclude all pretrial procedures. That order is not part of this record and, consequently, may not be considered on this appeal. However, the movant, if so advised, may renew the application for the relief requested upon additional papers setting forth the facts occurring subsequent to the determination of the motion under review, so that a determination may be made anew in the light of those facts *(Kleinfeld v K-D Lamp*

*Co.,* 278 App Div 793). Order affirmed, without costs, and without prejudice to a renewal of the motion should defendant be so advised. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.