■ In the Matter of the TOWN OF HUNTINGTON, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent New York State Division of Human Rights from considering a complaint of racial discrimination brought by the respondent Charles Reed pursuant to Executive Law article 15, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered May 4, 1990, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the respondent New York State Division of Human Rights is prohibited from considering a complaint of racial discrimination brought by the respondent Charles Reed pursuant to Executive Law article 15.

The respondent Charles Reed was dismissed from his civil service position as a sign inspector for the Town for Huntington after a proceeding pursuant to Civil Service Law § 75. During that proceeding, Reed alleged that the charges of misconduct and incompetence were made against him because of racial discrimination. Both the Hearing Officer and ultimately the personnel director of the Town specifically rejected Reed's claims of discrimination. After the Hearing Officer made his decision, Reed brought a complaint before the respondent New York State Division of Human Rights (hereinafter SDHR) raising essentially the same allegations of racial discrimination.

We agree with the petitioner that Reed is collaterally estopped from litigating his claim of racial discrimination before the SDHR. Collateral estoppel can give conclusive effect to the quasi-judicial determinations of administrative agencies if there is an identity of issue which has necessarily been decided in the prior action and is decisive of the present

action, and there was a full and fair opportunity to contest the decision now said to be controlling (see, *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147; *Kaufman v Lilly & Co.*, 65 NY2d 449; *Ryan v New York Tel. Co.*, 62 NY2d 494). We find that Reed vigorously presented his claim of discrimination in the civil service proceeding, and that he had a full and fair opportunity to present his claim. Moreover, Reed's allegations of discrimination in the civil service proceeding were essentially the same that he intends to offer before the SDHR. Accordingly, the SDHR is precluded from continuing its investigation (cf., *Board of Educ. v New York State Human Rights Appeal Bd.*, 106 AD2d 364). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.