OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
 

 The extraordinary writ of prohibition does not lie to prevent the Division of Human Rights from considering an individual’s complaint of racial discrimination.
 

 
 *785
 
 In March 1986 petitioner Town of Huntington (hereafter Town) hired respondent Charles Reed, an African American male, as a sign inspector, which is a competitive class civil service title. In April 1987, Reed was suspended pending an investigation into charges of incompetence and misconduct. By notice, pursuant to Civil Service Law § 75, he was charged with,
 
 inter alla,
 
 incompetence, misconduct, insubordination and improper use of equipment. Reed denied these charges.
 

 At a section 75 hearing, Reed responded affirmatively to the question whether he believed the charges against him were racially motivated. Reed stated that he was harassed and his director used racial epithets in reference to him. The Hearing Officer, Thomas Mazzola, concluded that Reed was guilty of several of the charges but recommended a lenient penalty. Mazzola found no substantial evidence or testimony to validate Reed’s claim of racial discrimination, notwithstanding a witness’ claim that he heard the director use racial epithets in describing Reed.
 

 Two Town officials, John O’Neill and Lisa M. Baisley, subsequently reviewed Mazzola’s findings and recommendations and issued decisions. Reed commenced a successful CPLR article 78 proceeding annulling O’Neill’s determination because O’Neill had not been duly appointed by the Town Board. The Town Board then appointed Baisley to review the records and her decision dismissing Reed was upheld by the Appellate Division upon Reed’s challenge
 
 (see, Matter of Reed v Town of Huntington,
 
 186 AD2d 745).
 

 Reed filed a complaint with the State Division of Human Rights on August 12, 1987, charging the Town with "discrimination in employment, by denying [him] equal terms, conditions and privileges of employment, because of [his] race and color”, thus violating New York’s Human Rights Law.
 

 The Town commenced an article 78 proceeding on November 20, 1989, by writ of prohibition, seeking an order staying the Division from investigating and adjudicating Reed’s complaint. Supreme Court (1) denied the Town’s stay request for prohibition, holding that the writ was not applicable here, where there was no showing that the Division threatened to act beyond its jurisdiction, and (2) granted the Division’s cross motion to dismiss the proceeding.
 

 The Appellate Division reversed, granted the petition, prohibited the Division from considering Reed’s complaint, and determined that respondents were collaterally estopped from
 
 *786
 
 litigating the discrimination claim. The Court concluded that Reed "vigorously presented his claim of discrimination in the civil service proceeding” and that his allegations in that proceeding were "essentially” the same as those he seeks to offer before the Division (181 AD2d 827, 828). We granted leave to appeal.
 

 The extraordinary writ of prohibition is available to address "whether [a] body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction” (CPLR 7803 [2]). "Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction * * * and then only when the clear legal right to relief appears and, in the court’s discretion, the remedy is warranted”
 
 (see, Matter of Schumer v Holtzman,
 
 60 NY2d 46, 51). The writ is generally not available to correct common procedural or substantive errors
 
 (Matter of Holtzman v Goldman,
 
 71 NY2d 564, 569;
 
 Matter of Rush v Mordue,
 
 68 NY2d 348, 353;
 
 Matter of State of New York v King,
 
 36 NY2d 59, 62), and will not lie where its proponent has access to another adequate legal remedy
 
 (id.,
 
 at 62;
 
 Matter of Rush v Mordue, supra,
 
 at 353) unless, in the rare instance, it "would furnish a more complete and efficacious remedy”
 
 (see, La Rocca v Lane,
 
 37 NY2d 575, 579-580,
 
 cert denied
 
 424 US 968). But even where the writ may be technically appropriate, the court must consider other factors such as the gravity of the potential harm caused by the threatened excess of power or whether other proceedings in law or equity could correct the flaw, in determining whether a proponent’s request should ultimately be granted
 
 (id.,
 
 at 579).
 

 On this record, the Appellate Division erred by granting the Town’s petition seeking prohibition. Moreover, it is unquestioned that here the Division maintains jurisdiction to investigate and pass upon claims of discrimination
 
 (see,
 
 Executive Law § 295 [6] [a]). The Town has failed to establish a "clear legal right” to the relief it seeks, and argues that after the Division rejected its motion to dismiss on the grounds of collateral estoppel, this article 78 proceeding was its only viable remedy. The Town will suffer no irreparable harm, however, by waiting to challenge the Division’s findings, if necessary, on the merits after the Division investigates Reed’s complaint.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock,
 
 *787
 
 Jr., Bellacosa and Smith concur in memorandum; Judge Levine taking no part.
 

 Order reversed, etc.