■ In the Matter of LAKE DELAWARE FARMS, Respondent, v MARGARITA ROSA, as Commissioner of the Division of Human Rights, et al., Appellants. [606 NYS2d 421] —Casey, J. Appeal from a judgment of the Supreme Court (Fischer, J.), entered February 24, 1993 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from proceeding against it.

Petitioner commenced this CPLR article 78 proceeding to prohibit respondent Division of Human Rights from considering a complaint of employment discrimination filed on behalf of a former employee of petitioner. According to petitioner, the complaint was not timely filed. The Division concluded that although the complaint was not filed within the one-year period required by Executive Law § 297 (5), the complaint should be deemed timely filed in the interest of justice because the expiration of the statutory time period resulted from the Division's error and not from any fault of the complainant. Supreme Court held that the complaint was untimely and granted the petition. We reverse.

The writ of prohibition is generally not available to correct common procedural or substantive errors and will not lie where its proponent has access to another adequate legal

remedy *(Matter of State of New York v King,* 36 NY2d 59, 62). The Court of Appeals recently applied these general rules to conclude that "[t]he extraordinary writ of prohibition does not lie to prevent the Division of Human Rights from considering an individual's complaint of racial discrimination" *(Matter of Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783, 784). The petition in the *Huntington* case alleged that the Division was collaterally estopped from considering the merits of the complaint by a prior final administrative determination in which the discrimination claim had been litigated. We see no basis for reaching a different conclusion here, where the petition alleges that the complaint was not timely filed with the Division. As in *Huntington,* petitioner herein has an adequate legal remedy in a CPLR article 78 proceeding to review the Division's final determination, and petitioner will suffer no irreparable harm from waiting until the Division renders a final determination.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.