■ In the Matter of NIAGARA FRONTIER TRANSPORTATION AUTHORITY et al., Appellants, v MARY NEVINS et al., Respondents. [743 NYS2d 754] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Notaro, J.), entered April 10, 2001, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking relief in the nature of prohibition against respondent Mary Nevins, the complainant in the underlying administrative proceeding, and respondent New York State Division of Human Rights and its Commissioner (collectively, Division). The underlying administrative proceeding was filed with the Division in 1988 and charges petitioners with racial discrimination in employment. Petitioners alleged that the Division acted without or in excess of its jurisdiction by entering into a stipulation with the complainant in 2000 to amend her 1988 complaint to add a claim of retaliatory discharge. According to petitioners, the Division exceeded its authority to amend a complaint "reasonably and fairly" (9 NYCRR 465.4 [a]) when, without notice to petitioners, it amended the complaint to add a claim that had accrued 11 years earlier.

Supreme Court properly dismissed the petition. The extraordinary remedy of prohibition is available to address whether a body or officer has proceeded, is proceeding, or is about to proceed without or in excess of jurisdiction (see CPLR 7803 [2]; Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786). "The writ is generally not available to correct common procedural or substantive errors" (Town of Huntington, 82 NY2d at 786; see Matter of Holtzman v Goldman, 71 NY2d 564, 569; Matter of Rush v Mordue, 68 NY2d 348, 353). It lies only where there is a clear legal right to relief (see Rush, 68 NY2d at 352-353; Matter of Schumer v Holtzman, 60 NY2d 46, 51), and generally does not lie where the harm can be adequately corrected on appeal or by recourse to ordinary proceedings (see Rush, 68 NY2d at 354; see generally Town of Huntington, 82 NY2d at 786).

Here, the Division has authority to amend complaints of discrimination (see 9 NYCRR 465.4 [a], [c]). Moreover, petitioners allege a procedural or substantive error, not such a lack or excess of jurisdiction "as to implicate the legality of the entire

proceeding" (*Rush,* 68 NY2d at 353). We therefore conclude that petitioners failed to establish a clear legal right to the relief sought (*see Town of Huntington,* 82 NY2d at 786). In any event, petitioners failed to demonstrate that the amendment of the complaint will cause them such substantial and irreparable prejudice as to oust the Division of jurisdiction to hear and adjudicate the amended complaint of discrimination (*see Matter of Diaz Chem. Corp. v New York State Div. of Human Rights,* 91 NY2d 932, 933; *Matter of Corning Glass Works v Ovsanik,* 84 NY2d 619, 623-625; *Matter of Harris & Assoc. v deLeon,* 84 NY2d 698, 702; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 178-179, *rearg denied* 66 NY2d 1035, *cert denied* 476 US 1115). We note that petitioners may challenge the amendment of the complaint, if so advised, following the Division's adjudication of the matter and "will suffer no irreparable harm" by waiting until then to challenge the amendment (*Town of Huntington,* 82 NY2d at 786). Present—Pigott, Jr., P.J., Pine, Hayes, Kehoe and Gorski, JJ.