■ In the Matter of JEFFREY FELDMAN, Petitioner, v MARTIN MARCUS, as Acting Justice of the Supreme Court of the State of New York, et al., Respondents. [806 NYS2d 620]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondent, Martin Marcus, an Acting Justice of the Supreme Court, from presiding over proceedings on Kings County indictment No. 7189/03, and to prohibit the respondent Charles J. Hynes, District Attorney of Kings County, from prosecuting that indictment.

Adjudged that the petition is denied and the proceeding is dismissed, on the law, without costs or disbursements.

Prohibition is an extraordinary remedy available only "to prevent a judicial or quasi-judicial body or officer from proceeding or threatening to proceed without or in excess of its jurisdiction, and then only if a clear legal right to that relief has been established" (*Matter of Haggerty v Himelein*, 89 NY2d 431, 435 [1997]; *see Matter of Whitehurst v Kavanagh*, 218 AD2d 366, 368 [1996]). A writ of prohibition does not issue as a matter of right but, rather, is a discretionary remedy (*see Matter of Rush v Mordue*, 68 NY2d 348, 354 [1986]; *Matter of Dondi v Jones*, 40 NY2d 8, 13 [1976]).

Prohibition will not ordinarily be warranted where the grievance can be adequately addressed by alternative proceedings at law or in equity, such as by motion, appeal, or other applications (*see Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783 [1993]; *Matter of Rush v Mordue, supra; Matter of Eberhardt v City of Yonkers*, 305 AD2d 501 [2003]; *Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643 [2000]).

The petitioner, the Executive Director of the Kings County Democratic County Committee, was charged under Kings County indictment No. 7189/03, inter alia, with various counts of grand larceny by extortion arising from his conduct in connection with certain judicial primary campaigns conducted in Kings County in 2002. The petitioner commenced this proceeding to prohibit his prosecution. However, it has not been shown that there is a clear legal right to the relief which petitioner requests. Moreover, since there are other adequate legal avenues by which the petitioner can raise his grievances, a writ of prohibition is inappropriate. Accordingly, we deny the petition and dismiss the proceeding (*see Matter of Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783 [1993]; *Matter of McLaughlin v Eidens,* 292 AD2d 712 [2002]). Schmidt, J.P., Crane, Santucci and Covello, JJ., concur.