■ In the Matter of GASLAND PETROLEUM, INC., Appellant, v PLANNING BOARD OF THE TOWN OF BEEKMAN et al., Respondents.
[857 NYS2d 584]—

In a proceeding pursuant to CPLR article 78 to prohibit the Planning Board of the Town of Beekman from continuing its review of the site plan and special use permit application of the respondent Stop & Shop Supermarket Company, LLC, with respect to the expansion of a shopping center unless and until the Zoning Board of Appeals of the Town of Beekman acts with favor upon the pending application of Stop & Shop Supermarket Company, LLC, for area variances, and in the nature of mandamus to compel the Zoning Board of Appeals of the Town of Beekman to continue its review of that application and to bring that review to a final conclusion, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (DeRosa, J.), dated February 17, 2007, which granted the motion of Stop & Shop Supermarket Company, LLC, to dismiss, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

According to the petition, in July 2005 the predecessor-in-interest of the respondent Stop & Shop Supermarket Company, LLC (hereinafter Stop & Shop), applied to the Planning Board of the Town of Beekman (hereinafter the Planning Board) for site plan and special use permit approval with respect to an expansion of an existing shopping center that would include the addition of a gasoline fueling facility. As proposed, the plan would require at least two area variances in order to conform with the Town's zoning regulations. In August 2005 the Planning Board issued a notice of intent to become the lead agency pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) for the purpose of conducting a coordinated environmental review. In October 2005 Stop & Shop's predecessor applied to the Zoning Board of Appeals of the Town of Beekman (hereinafter the ZBA) for the necessary

area variances (*see* Town Law § 274-a [3]; § 274-b [3]). The ZBA adjourned a subsequent public hearing on the variance application. It is alleged that the ZBA has not taken any further action on the variance application because it is awaiting completion of the Planning Board's SEQRA review.

Before the Planning Board or the ZBA made any determination, the petitioner, which owns and operates a gasoline station and convenience store on land adjacent to the subject property, commenced this CPLR article 78 proceeding in the nature of prohibition to prohibit the Planning Board from continuing its review of the site plan and special use permit application unless and until the ZBA acts with favor upon the application for area variances, and in the nature of mandamus to compel the ZBA to continue its review of the application for area variances and to bring that review to a final conclusion. The petitioner contends that the Planning Board is without jurisdiction to review the site plan and special use permit application unless and until the ZBA acts with favor upon the application for area variances.

The Supreme Court properly granted Stop & Shop's motion to dismiss the proceeding. The Planning Board is not acting in a judicial or quasi-judicial capacity (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 n 2 [1995]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005]). Thus, prohibition is not available to prevent its action (*see Matter of American Tr. Ins. Co. v Corcoran,* 65 NY2d 828, 830 [1985]; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 147 [1983], *cert denied* 464 US 993 [1983]). In any event, the petitioner failed to establish a clear legal right to the extraordinary remedy of prohibition or that its grievance cannot be adequately addressed by alternative proceedings, such as a proceeding to review the Planning Board's determination after it is made (*see Matter of Haggerty v Himelein,* 89 NY2d 431, 435 [1997]; *Matter of Town of Huntington v New York State Div. of Human Rights,* 82 NY2d 783, 786 [1993]; *Matter of Feldman v Marcus,* 23 AD3d 559, 559-560 [2005]). With respect to compelling the ZBA to act, the petitioner similarly failed to establish a clear legal right to the extraordinary remedy of mandamus to compel (*see Matter of Brusco v Braun,* 84 NY2d 674, 679 [1994]; *Matter of County of Fulton v State of New York,* 76 NY2d 675, 678 [1990]).

We decline Stop & Shop's request to impose a sanction upon the petitioner for pursuing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1). Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.