[923 NE2d 563, 896 NYS2d 280]

In the Matter of James P. Gilpatric, a Judge of the Kingston City Court, Ulster County, Petitioner. State Commission on Judicial Conduct, Respondent.

Argued November 17, 2009; decided December 15, 2009

## POINTS OF COUNSEL

*James E. Long,* Albany, for petitioner. The Commission on Judicial Conduct does not have jurisdiction warranting disciplinary action in this case. (*Matter of Greenfield,* 76 NY2d 293; *Matter of Lenney,* 71 NY2d 456; *Matter of Reeves,* 63 NY2d 105; *Matter of Washington,* 100 NY2d 873.)

*Robert H. Tembeckjian,* New York City, *Edward Lindner, Melissa DiPalo* and *Thea Hoeth* for respondent. I. This Court's decision in *Matter of Greenfield* (76 NY2d 293 [1990]) did not divest the Commission on Judicial Conduct of subject matter jurisdiction over decisional delays. (*Matter of Washington,* 100 NY2d 873; *Lacks v Lacks,* 41 NY2d 71; *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159; *Matter of Steinberg,* 51 NY2d 74; *Matter of Sherrill v O'Brien,* 188 NY 185; *Matter of Assini,* 94 NY2d 26.) II. Petitioner's failure to timely decide 47 cases over a period of three years and his failure to adhere to terms of the letter of dismissal and caution and to avoid further delays after intervention of his administrative judge constitute judicial misconduct. (*Matter of Greenfield,* 76 NY2d 293; *Matter of Assini,* 94 NY2d 26; *Matter of Cerbone,* 2 NY3d 479; *Matter of Robert,* 89 NY2d 745; *Matter of Lenney,* 71 NY2d 456.) III. In the event this Court finds *Matter of Greenfield* (76 NY2d 293 [1990]) precludes a determination of misconduct, it should be overturned. (*Matter of Blackburne [State Commn. on Jud. Conduct],* 7 NY3d 213; *Matter of Hart [State Commn. on Jud. Conduct],* 7 NY3d 1; *Matter of Bauer,* 3 NY3d 158.) IV. The appropriate sanction is admonition.

## OPINION OF THE COURT

Per Curiam.

On summary determination, the State Commission on Judicial Conduct sustained one charge of misconduct against petitioner, a City Court Judge, for his failure to render timely decisions in 47 cases over a period of $3^{1}/_{2}$ years and concluded that his conduct constituted a pattern of "persistent or deliberate neglect of his judicial duties" (*Matter of Greenfield,* 76 NY2d 293, 295 [1990]). We modify the determination and conclude that this matter should be remitted to the Commission for a hearing before a referee.

## I.

From 1994 to 2007, petitioner served as a part-time Judge of the Kingston City Court and maintained a private law practice. In February 2004, the Commission issued a confidential letter of dismissal and caution to him for failing to render timely decisions in two cases and failing to report one delayed case to his administrative judge as required by Rules of the Chief Judge (22 NYCRR) § 4.1.[1] In April 2007, he became a full-time judge of that court.

In August 2008, the Commission filed a formal written complaint against petitioner, alleging that from July 2004 to February 2008 petitioner delayed in rendering decisions in 43 cases and four motions.[2] The allegations are undisputed. In 25 of the cases, the delays ranged between two months and six months after final submission; in 17 cases, the delays ranged between seven months to one year and two months; and, in one case, petitioner delayed the decision more than $2^{1/2}$ years. The delayed decisions on motions ranged between four and 11 months. No more than 13 decisions were pending at any given time. As required by 22 NYCRR 4.1, petitioner reported the delayed matters in quarterly reports to his administrative judge and cited "[i]nsufficient time" as a cause for many of the delays. In several cases, the litigants or their attorneys wrote to petitioner or petitioner's administrative judge inquiring about the delayed decisions in their respective cases.

Petitioner moved to dismiss the formal written complaint, arguing that the Commission lacks jurisdiction to intrude into matters of internal court administration. Petitioner admitted to the backlog and informed the Commission that, after becoming a full-time judge, he cleared his backlog and has remained current. The administrator of the Commission opposed petitioner's motion and cross-moved for summary determination, sustaining the formal written complaint. The Commission denied the motion to dismiss and granted the cross motion for summary

---

**1.** The letter dismissed the complaint against him, but cautioned that he must "dispose of all judicial matters promptly, efficiently and fairly" and "submit complete and accurate quarterly reports of pending cases to [his] administrative judge." The Commission further advised that the letter "may be used in a future disciplinary proceeding based on failure to adhere to [its] terms."

**2.** Pursuant to Uniform City Court Act § 1304, a "court must render judgment within thirty days from the time when the case is submitted for that purpose." A court shall render a decision on a motion within 60 days (see Uniform City Ct Act § 1001; CPLR 4213 [c]).

determination. After arguments on the issue of sanctions, the Commission determined that admonition was appropriate. Petitioner now asks the Court to review this matter pursuant to NY Constitution, article VI, § 22 (d) and Judiciary Law § 44 (9), which confer on this Court plenary power to review the legal and factual findings of the Commission as well as the sanction.

## II.

A judge has an ethical obligation to "dispose of all judicial matters promptly, efficiently and fairly" (22 NYCRR 100.3 [B] [7]). In *Greenfield*, this Court held that the Commission generally lacks jurisdiction to discipline a judge for a failure to timely dispose of pending matters (76 NY2d at 298). In that case, the Commission sustained one charge of misconduct against a Supreme Court justice, for his failure to render decisions promptly in eight cases. The delayed decisions ranged from seven months to over nine years in those cases, and the petitioner conceded that the delays were inexcusable. We concluded that the delays disclosed "serious administrative failings in [the] petitioner's handling of the cases," but that there was "no persistent or deliberate neglect of his judicial duties rising to the level of misconduct" (*id.* at 295). The petitioner's hearing revealed that, during his judicial career, he had disposed of approximately 25,000 cases and often worked evenings, weekends and holidays. Unique to that case, the petitioner's administrative judge explained that most of the delays occurred at the infancy of reporting rules, which had not been consistently applied and enforced, and that, prior to the disciplinary hearing, administrative action had been firmly interposed (*see id.* at 299). At that time, this Court concluded that it was important to draw a line

> "between the role of the Commission and court administrators in order to avoid confusion and provide adequate notice to members of the judiciary as to when and under what circumstances delays in disposing of pending matters ceases to be a purely administrative concern and becomes a matter warranting punitive sanctions" (*id.* at 298).

It still remains true that a judge's failure to promptly dispose of pending matters is primarily a matter for administrative correction. But after nearly 20 years of experience with *Greenfield*, we think it is not workable to exclude completely the possibility of more formal discipline for such behavior, in cases where the

delays are lengthy and without valid excuse. In *Greenfield* itself, we recognized that when a judge "has defied administrative directives or has attempted to subvert the system by, for instance, falsifying, concealing or persistently refusing to file records indicating delays," the Commission has the authority to sanction a judge (*id.* at 297; *Matter of Washington*, 100 NY2d 873, 875 [2003]). We now hold that lengthy, inexcusable delays may also be the subject of disciplinary action, particularly when a judge fails to perform judicial duties despite repeated administrative efforts to assist the judge and his or her conduct demonstrates an unwillingness or inability to discharge those duties.

Because not every case involving caseload delays will rise to the level of misconduct, it is imperative that the context in which the delays occurred be fully explored. The number of cases and the length of the delays should be assessed in light of the total number and complexity of cases that the judge presided over during the relevant time period, as well as the jurist's other judicial obligations. The extent and nature of efforts taken by an administrative judge or other administrative personnel, as well as the judge's response to those efforts, should also be considered. Statistics alone are insufficient to support a finding of misconduct; disciplinary action must be based on a record demonstrating a judge's persistent lack of action in response to administrative recommendations or warnings.

Here, although petitioner had numerous lengthy delayed decisions and a prior letter from the Commission cautioning him to promptly dispose of pending matters, misconduct was established on summary determination without a hearing. While we conclude that petitioner's motion to dismiss was properly denied because the Commission has jurisdiction to investigate complaints involving delay and, where appropriate, pursue further proceedings, we are unpersuaded that the prior warning in this case was sufficient to render these delays misconduct as a matter of law, without the development of a record addressing the context in which they occurred. On the record presented, it is not clear whether these delayed decisions were inexcusable and whether the problem could have been, or was, adequately dealt with administratively. Indeed, we do not know the extent to which petitioner's administrative judge intervened. Given the Commission must establish that the delayed decisions were the product of misconduct, whether disciplinary action was warranted is not discernable from the existing record.

Accordingly, the determination of the State Commission on Judicial Conduct should be modified, without costs, by denying the administrator's cross motion for summary determination and remitting to the Commission for a hearing on the charge contained in the formal written complaint, and as so modified, accepted.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in per curiam opinion; Chief Judge LIPPMAN taking no part.

Determination of the State Commission on Judicial Conduct modified, etc.