OPINION OF THE COURT
Richard P. Braun, J.
This is an action for declaratory and injunctive relief with respect to the New York State Legislature’s failure to provide *750 New York State judges with any salary increase or even a cost of living adjustment since the last increase enacted in 1998, effective on January 1, 1999, because the legislature improperly linked judicial compensation with legislative compensation, and prior Governors Pataki and Spitzer apparently linked proposed legislative salary increases with other unrelated substantive issues such as charter schools and campaign finance reform. Summary judgment was previously granted to plaintiffs by former Justice Edward Lehner of this court. Justice Lehner held that the “defendants, through the practice of linkage, have unconstitutionally abused their power by depriving the judiciary of any increase in compensation for almost a decade,” and he directed that
“defendants, within 90 days of the date [of his decision and order], remedy such abuse by proceeding in good faith to adjust the compensation payable to members of the judiciary to reflect the increase in the cost of living since such pay was last adjusted in 1998, with an appropriate provision for retroactivity.” (Larabee v Governor of State of N.Y., 20 Misc 3d 866, 878 [Sup Ct, NY County 2008].)
Further, Justice Lehner provided that “[s]hould defendants fail to remedy [the situation] within the 90-day period, an application may be made to the court for consideration of other remedies.” (Id.)[1]
*751 After an intermediary affirmance by the First Department (Larabee v Governor of State of N.Y., 65 AD3d 74 [1st Dept 2009]), the Court of Appeals, in a combined appeal in this action and two related cases as to judicial compensation, modified in this action “by granting judgment declaring that under the circumstances of th[is] case[ ], as a matter of law, the State defendants’ failure to consider judicial compensation on the merits violates the Separation of Powers Doctrine, and by allowing for the remedy discussed in this opinion.” (Matter of Maron v Silver, 14 NY3d 230, 264 [2010], rearg dismissed 16 NY3d 736 [2011].) As to remedies, the Court of Appeals stated:
“By ensuring that any judicial salary increases will be premised on their merits, this holding aims to strike the appropriate balance between preserving the independence of the Judiciary and avoiding encroachment on the budget-making authority of the Legislature. Therefore, judicial compensation, when addressed by the Legislature in present and future budget deliberations, cannot depend on unrelated policy initiatives or legislative compensation adjustments. Of course, whether judicial compensation should be adjusted, and by how much, is within the province of the Legislature. It should keep in mind, however, that whether the Legislature has met its constitutional obligations in that regard is within the province of this Court (see Marbury v Madison, 1 Crunch [5 US] 137, 177 [1803]). We therefore expect appropriate and expeditious legislative consideration.” (Id. at 263.)
Later that year, legislation was enacted creating a quadrennial commission to review judicial salaries, which determined a judicial salary increase was appropriate. The first portion of the increase became effective on April 1, 2012. The commission increased judicial salaries prospectively over a three-year period, with the increase totaling 27%. Since the last increase in 1999, the judiciary had lost approximately 40% of its salaries due to the effects of inflation. Thus, the judges have to wait till the third year to receive the entire increase; at the point that the final portion of the increase occurs, they will still have lost *752 about 13% of their salary due to inflation; and they will receive no retroactive pay to make up for the money not received during the long period in which their salaries were frozen.
Needless to say, many judges view the salary increase as quite inadequate. Even if the amount of salary received by a judge is sizable compared to most other New York State wage earners, and choosing public service over working at a private law firm is expected to be generally less remunerative, something certainly is wrong in judges receiving less in salary than first year associates at many of the larger law firms and less than some other New York State government employees. The morale of many members of the judiciary has been negatively impacted by this situation, and anger and bitterness still lingers in some. Some very fine experienced jurists have left the bench early because of this.
Plaintiffs moved to renew their motion for summary judgment contending that the legislature’s continued delay in adjusting judicial salaries and failure to provide for a retroactive adjustment warrants an award of back pay due to defendants’ constitutional violation.[2] In support of plaintiffs’ motion, they now present the court with detailed statewide judicial compensation data from which they claim monetary relief can be determined. Plaintiffs contend that, based on that data not previously presented to the court and the legislature’s failure to act until it passed the law establishing the commission but giving it no power to afford retroactive pay to the judges, the motion to renew is the proper method to raise their claim to back pay incidental to the primary declaratory relief previously granted, and that renewal is appropriate to raise the legislature’s failure to make an appropriate provision for retroactivity as ordered by Justice Lehner and affirmed by the Appellate Division. Defendants counter that the Court of Appeals finally determined all issues, leaving the responsibility of addressing a judicial salary adjustment to the legislature, and thus that there is no basis to revisit plaintiffs’ claim for a retroactive adjustment of judicial salary.
Since Justice Lehner, to whom this action was previously assigned, has retired, this matter was randomly reassigned to this court. Some may ask how it is that this court, and those before it, can determine issues on which they are all self- *753 interested, more particularly where the determination could lead to their own salaries being increased. There is no federal issue involved in this action so the issues cannot be heard in a federal court. The issues are all New York State issues so they cannot be heard in the courts of any other state. All New York State judges would be relatively equally in the same position in deciding this action, unless they cannot be fair. Thus, while a judge must generally recuse himself or herself from a case in which he or she has a personal interest, because this case cannot be determined in any other forum, under the doctrine of necessity, some New York State judge is required to determine the issues herein (Matter of Maron v Silver, 14 NY3d at 249; see United States v Will, 449 US 200, 213-214 [1980]).
This judge disclosed to the attorneys for the parties his strong feelings toward the failure of the legislature to enact a judicial salary increase for such a long period of time and that he had spoken out publicly on this issue, but stated that he believed that nevertheless he could be fair. This court further disclosed in detail how the court knew in various ways most of the attorneys on both sides in this action. The court offered to recuse itself and have the case reassigned, if any party asked the court to do so. The offer was declined in court. In a subsequent letter, defendants’ counsel stated that the Office of the Attorney General would take no position on whether the court should recuse itself.[3]
As the First Department stated:
“A motion for leave to renew is intended to direct the court’s attention to new or additional facts which, although in existence at the time the original motion was made, were unknown to the movant and were, therefore, not brought to the court’s attention. This requirement, however, is not inflexible and the court, in its discretion, may also grant re *754 newal, in the interest of justice, upon facts known to the movant at the time the original motion was made. Indeed, this Court has held that even if the vigorous requirements for renewal are not met, such relief may still be properly granted so as not to defeat substantive fairness.” (Garner v Latimer, 306 AD2d 209, 209-210 [1st Dept 2003] [citations and internal quotation marks omitted].)
A motion to renew may, in appropriate circumstances, be brought even after an appeal (see Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 377 [1st Dept 2001]). Renewal is allowed where subsequent circumstances have developed warranting reconsideration (see e.g. Sayer v Sayer, 130 AD2d 407, 420 [1st Dept 1987]; Alexatos v Rak, 57 AD2d 1004 [3d Dept 1977]). Given the delicate balance involved in remedying a violation of the separation of powers doctrine and the recognized province of the courts, particularly the Court of Appeals (Matter of Maron v Silver, 14 NY3d at 263), in assessing whether the legislature has met its constitutional obligations in that regard, the flexibility of a motion to renew could, in certain circumstances, afford an appropriate means to assess legislative compliance (see Matter of Eberhardt v City of Yonkers, 305 AD2d 501, 503 [2d Dept 2003] [a declaratory judgment action does not have any coercive effect]). Renewal is appropriate here where the legislature established the commission after the Court of Appeals decided Matter of Maron v Silver (14 NY3d 230 [2010]) but did not enact any retroactive salary increase.
Upon renewal, plaintiffs have failed to establish that the legislature did not abide by the declaration of the Court of Appeals as to the legislature’s constitutional duties. The remedy prescribed by the Court of Appeals, while recognizing the courts’ continued jurisdiction to determine whether the legislature had met its constitutional obligations, merely required that “judicial compensation, when addressed by the Legislature in present and future budget deliberations, cannot depend on unrelated policy initiatives or legislative compensation adjustments.” (Matter of Maron v Silver, 14 NY3d at 263.)
Insofar as the Court of Appeals modified rather than affirmed the Appellate Division affirmance of Justice Lehner’s order, it superceded Justice Lehner’s order to the extent that Justice Lehner had required a retroactive adjustment to judicial compensation. The Court of Appeals simply required that the legislature address judicial compensation on its own merits, without hriking it to other legislative matters, and that it “expect[ed] ap *755 propriate and expeditious legislative consideration.” (Id.) Notably, there is no contention by plaintiffs that, in considering judicial compensation after Matter of Maron v Silver (14 NY3d 230 [2010]), the legislature improperly linked it to other legislative business. The Court of Appeals declined to require a retroactive salary adjustment apparently in its attempt to “strike the appropriate balance between preserving the independence of the Judiciary and avoiding encroachment on the budget-making authority of the Legislature.” (Id. at 263.) Insofar as the Court of Appeals upheld the Appellate Division’s affirmance of Justice Lehner’s holding that there had been a violation of the separation of powers doctrine by linking judicial compensation to other unrelated legislative matters, the reason to modify rather than to affirm Justice Lehner’s order was seemingly to eliminate his 90-day deadline in which the legislature was to act and his requirement that the legislature make “an appropriate provision for retroactivity.” (Larabee v Governor of State of N.Y., 20 Misc 3d at 878.) Indeed, the Court of Appeals concluded that “whether judicial compensation should be adjusted, and by how much, is within the province of the Legislature.” (Matter of Maron v Silver, 14 NY3d at 263.)
Thus, to the extent plaintiffs seek relief based upon the legislature’s continued delay in providing a salary adjustment after the final declaration by the Court of Appeals and the legislature’s failure to provide for back pay, such relief cannot be afforded to plaintiffs. The Court of Appeals has spoken. If it wants to speak differently, upon another appeal, the Court will do so. However, this court cannot speak differently than the Court of Appeals.
Therefore, the motion has been granted by the separate September 12, 2012 decision and order of this court, to the extent of permitting plaintiffs to renew their prior motion for summary judgment. Upon renewal, regrettably no further relief was afforded to plaintiffs by this court.

. Plaintiffs’ cause of action under article VI, § 25 (a) of the New York State Constitution and their cause of action against defendant the Governor of the State of New York based upon the Speech or Debate Clause of article III, § 11 of the New York State Constitution had been earlier dismissed by Justice Lehner, but plaintiffs’ cause of action based on a violation of the separation of powers doctrine was not (Larabee v Spitzer, 19 Misc 3d 226, 239 [Sup Ct, NY County 2008]; Larabee v Governor of State of N.Y., 20 Misc 3d 866, 867 [2008]). As Justice Lehner held in his decision and order on the motion to dismiss:
“While the complaint does seek the payment of money, at oral argument plaintiffs’ counsel acknowledged that the court could not direct members of the legislature to vote for an increase (tr at 18, 57-58). Accordingly, the relief sought by plaintiffs was, in essence, amended to only seek a declaration that the failure to increase compensation is unconstitutional.” (19 Mise 3d at 228.)
When plaintiffs sought summary judgment, they revised their position to again seek a money judgment (20 Mise 3d at 877). Justice Lehner held that “the proper remedy . . . should, as previously requested by plaintiffs, be limited to a declaration of unconstitutionality, with the expectation that defendants will then take the appropriate remedial steps” (id.). Furthermore, Justice Lehner noted that
*751 “[w]hile this action was brought by four judges, without any request that it be certified as a class action, it has at all times been recognized by the parties that the issue with respect to constitutionality affects all members of the judiciary who are part of the Unified Court System.” (Id. at 878.)

. Plaintiffs have not taken issue in their motion with the prospective increases in compensation.

. In that letter, defendants’ counsel took the same position in Silverman v Silver (Sup Ct, NY County, index No. 117058/08), in which this court had made similar disclosures and an offer to recuse (four acting justices of this court had each already recused themselves in that case before it was reassigned to this judge). In that action, a retired judge was also seeking retroactive salary monies as well as a pension adjustment, under the separation of powers holding in Matter of Maron v Silver (14 NY3d 230 [2010]). On this date, this court put its decision and opinion on the record granting the motion by defendants to dismiss that action, pursuant to CPLR 3211 (a) (7), in light of that Court of Appeals holding. In this action, the amici curiae also asked for relief on behalf of former New York State judges, but that relief was not sought in the complaint in this action.