# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**910**
**CA 11-02281**
PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOHN DOE,
PETITIONER-RESPONDENT,

           V                                                MEMORANDUM AND ORDER

NEW YORK STATE COMMISSION ON JUDICIAL
CONDUCT, RESPONDENT-APPELLANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENT-APPELLANT.

ZIMMERMAN LAW OFFICE, SYRACUSE (AARON MARK ZIMMERMAN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

     Appeal, by permission of the Appellate Division of the Supreme
Court in the Fourth Judicial Department, from an order of the Supreme
Court, Onondaga County (John C. Cherundolo, A.J.), entered October 6,
2011 in a proceeding pursuant to CPLR article 78.  The order granted
petitioner's motion for leave to reargue and renew regarding the
judgment entered May 17, 2011, reversed that judgment, and ordered
that the parties conduct discovery.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the judgment entered
May 17, 2011 is reinstated and the petition is thereby dismissed.

     Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking, inter alia, a writ of prohibition barring respondent from
investigating and disciplining him for alleged acts of judicial
misconduct on the ground that respondent lacks subject matter
jurisdiction (*see* CPLR 7803 [2]).  Respondent answered and, in its
first objection in point of law, sought dismissal of the petition on
the grounds that petitioner had not established a clear right to
prohibition and had an adequate remedy at law inasmuch as respondent's
determination is directly appealable to the Court of Appeals as of
right.  Based upon respondent's first objection in point of law,
Supreme Court, inter alia, dismissed the petition (prior judgment).
Petitioner thereafter moved for leave to renew and reargue regarding
the prior judgment (*see* CPLR 2221).  The court granted leave to renew
and reargue, reversed the prior judgment and ordered that the parties
conduct discovery.  We reverse and reinstate the prior judgment that,
inter alia, dismissed the petition.

     Even assuming, arguendo, that the court properly granted leave to

renew and reargue regarding the prior judgment, we conclude that the court erred in reversing the prior judgment upon renewal/reargument. "Prohibition will not ordinarily be warranted where the grievance can be adequately addressed by alternative proceedings at law or in equity, such as by motion, appeal, or other applications" (*Matter of Feldman v Marcus*, 23 AD3d 559, 560, *lv denied* 7 NY3d 703; *see Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786; *Matter of Eberhardt v City of Yonkers*, 305 AD2d 501, 502). Here, petitioner has an adequate remedy at law because he is entitled to appeal as of right to the Court of Appeals any determination of respondent (*see* NY Constitution, art VI, § 22 [a], [d]; Judiciary Law § 44 [7], [9]; *see generally Matter of Gilpatric [State Commn. on Jud. Conduct]*, 13 NY3d 586, 589), and thus petitioner is not entitled to prohibition (*see Matter of Molea v Marasco*, 64 NY2d 718, 720; *Matter of Arcuri v Kirk*, 231 AD2d 962, 964). Moreover, prohibition is available only when a court or quasi-judicial body exceeds its jurisdiction in a manner that implicates the legality of the proceeding itself (*see Matter of Rush v Mordue*, 68 NY2d 348, 353; *Matter of State of New York v King*, 36 NY2d 59, 64), which is not the case here. Indeed, respondent has jurisdiction to investigate and discipline petitioner for the alleged judicial misconduct (*see generally Gilpatric*, 13 NY3d at 588-590).

In light of our determination, we need not reach respondent's remaining contentions.


                                                   Frances E. Cafarell


Entered:   November 9, 2012

                                                   Clerk of the Court