Matter of New York State Assembly v New York State Div. of Human Rights

2026 NY Slip Op 02505

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF NEW YORK STATE ASSEMBLY, PETITIONER-APPELLANT,

v

NEW YORK STATE DIVISION OF HUMAN RIGHTS, NICOLE GOLIAS, RESPONDENTS-RESPONDENTS, ET AL., RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

89 CA 24-01652

Present: Lindley, J.P., Curran, Ogden, Greenwood, And Hannah, JJ.

HARTER SECREST & EMERY LLP, BUFFALO (ROBERT C. WEISSFLACH OF COUNSEL), FOR PETITIONER-APPELLANT.

MELISSA FRANCO, GENERAL COUNSEL, NEW YORK STATE DIVISION OF HUMAN RIGHTS, BRONX (MICHAEL K. SWIRSKY OF COUNSEL), FOR RESPONDENT-RESPONDENT NEW YORK STATE DIVISION OF HUMAN RIGHTS.

SANDERS & SANDERS, BUFFALO (HARVEY P. SANDERS OF COUNSEL), FOR RESPONDENT-RESPONDENT NICOLE GOLIAS.

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 23, 2024, in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, denied the petition.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Respondent Nicole Golias, an employee of petitioner, New York State Assembly, filed a complaint with respondent New York State Division of Human Rights (DHR) alleging that a state assembly member discriminated against her based on her sex and sexually harassed her during her employment. DHR found probable cause to proceed and amended the discrimination complaint to add petitioner as a respondent in the DHR proceeding. Petitioner subsequently commenced this CPLR article 78 proceeding seeking to prohibit DHR from proceeding with the discrimination claim to the extent such complaint is directed at petitioner. Supreme Court, inter alia, denied the petition, and we affirm.

"The extraordinary writ of prohibition is available to address 'whether [a] body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction' " (Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 [1993], quoting CPLR 7803 [2]; see Matter of Niagara Frontier Transp. Auth. v Nevins, 295 AD2d 887, 887 [4th Dept 2002]). Prohibition will not lie where the party has access to another adequate legal remedy (see Town of Huntington, 82 NY2d at 786; Niagara Frontier Transp. Auth., 295 AD2d at 887). "[E]rrors of law, which of course may be verbalized, but incorrectly, as excesses of jurisdiction or power, are not to be confused with a proper basis for using the extraordinary writ" (Matter of State of New York v King, 36 NY2d 59, 62 [1975]).

Petitioner contends that DHR did not give petitioner constitutional due process notice of the charges against it because there are no specific allegations of wrongdoing on its part. It therefore contends that DHR is acting in excess of its jurisdiction and thus petitioner does not need to exhaust its administrative remedies. We reject that contention, however, because the "[r]emedy for asserted error of law in the exercise of [DHR's] jurisdiction or authority lies first in administrative review and following exhaustion of that remedy in subsequent judicial review pursuant to section 298 of the Executive Law" (Matter of Tessy Plastics Corp. v State Div. of [*2]Human Rights, 47 NY2d 789, 791 [1979]; see Matter of Diocese of Rochester v New York State Div. of Human Rights, 305 AD2d 1000, 1001 [4th Dept 2003]). Petitioner "will suffer no irreparable harm . . . by waiting to challenge [DHR's] findings, if necessary, on the merits after [DHR] investigates [Golias's] complaint" (Town of Huntington, 82 NY2d at 786; see Diocese of Rochester, 305 AD2d at 1001; Niagara Frontier Transp. Auth., 295 AD2d at 888).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court